# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CATALINA CORPORATION, a California Corporation,<br><br>                        Plaintiff,<br>vs.<br>THE PAUMA BAND OF LUISENO INDIANS, a Federally Recognized Indian Tribe; CRISTOBAL C. DEVERS, SR., an Individual; MARLAINE R. BOJORQUEZ, an Individual; TEMET A. MAJEL, an Individual; BENNAE M. CALAC, an Individual; and DOES 1 to 10, inclusive,<br><br>                        Defendants. | CASE NO. 10cv1404-WQH-BLM<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is Plaintiff's Motion to Remand Action to State Court ("Motion to Remand"). (ECF No. 15).

## BACKGROUND

    On March 19, 2010, Plaintiff initiated this action by filing a Complaint in San Diego Superior Court, where it was assigned Case No. 37-2010-00052492-CU-IP-NC. (Notice of Removal, Ex. A, ECF No. 1). Plaintiff alleges Defendants have infringed upon Plaintiff's registered trademark, "Native Threads," by selling and distributing "apparel appearing with the Native Threads brand name and trademark." *Id.* ¶ 15. Plaintiff alleges claims for unfair competition, injury to business reputation, and trademark infringement.

On July 6, 2010, Defendants filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1441(b), alleging that federal question jurisdiction exists. (ECF No. 1). In the Notice of Removal, Defendants asserted that they were served on June 4, 2010. *Id*. at 2. Defendants attached a copy of Plaintiff's Complaint to the Notice of Removal. *Id*. at 9-21. The copy of the Complaint attached to the Notice of Removal contains no exhibits.

On July 13, 2010, Defendants filed a Motion to Dismiss. (ECF No. 7). Defendants contend that the Complaint must be dismissed in its entirety because the Defendants are immune from suit under the doctrine of tribal sovereign immunity.

On August 5, 2010, Plaintiff filed the Motion to Remand. (ECF No. 15). Plaintiff contends that the removal was "procedurally defective" because the Notice of Removal was filed more than 30 days after Defendants were served and "Defendants failed to attach a complete copy of Plaintiff's complaint including all exhibits so attached." (ECF No. 15-1 at 3). Plaintiff attached a copy of the Complaint to the Motion to Remand. (ECF No. 15-2 at 35-57). The Complaint contains three exhibits, including a copy of a "Notice of Recordation of Assignment Document" issued by the U.S. Patent and Trademark Office which indicates Plaintiff was assigned the "entire interest" in the mark "Native Threads" on March 9, 2009. *Id*. at 49. Plaintiff requests an award of attorney's fees and costs incurred as a result of the removal.

On August 30, 2010, Defendants filed an opposition to the Motion to Remand. (ECF No. 21). Defendants contend that the Notice of Removal was timely filed pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), because the thirtieth day after Defendants were served fell on a weekend. Defendants contend that the Court should exercise discretion not to remand this action for failure to file the Complaint's exhibits with the Notice of Removal because "this inadvertent and trivial error does not demonstrate a complete failure to follow removal procedure, nor does it dispossess this Court of jurisdiction over the matter." *Id*. at 13. Defendants also contend that "Plaintiff cured any potential procedural defect upon filing the exhibits to the Complaint with its Motion to Remand." *Id*. at 14.

On September 7, 2010, Plaintiff filed a reply in support of the Motion to Remand. (ECF

No. 22).

## DISCUSSION

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). "[R]emand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure." *Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006) (quoting 28 U.S.C. § 1447(c)). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) ("The defendant also has the burden of showing that it has complied with the procedural requirements for removal.").

Among the procedural requirements for removal is that "[a] defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States ... a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Plaintiff has demonstrated that Defendants failed to file in this Court the exhibits to the Complaint. An exhibit to a pleading is a part of the pleading. *See* Fed. R. Civ. P. 10(c). By failing to attach to the Notice of Removal the exhibits to the Complaint or otherwise filing with this Court the exhibits within thirty days after service of the Complaint, Defendants failed to comply with the procedural requirements for removal. *See* 28 U.S.C. § 1446(a).

Defendants contend that the Court should deny the Motion to Remand because the failure to file the exhibits was an "inadvertent and trivial error" that was eventually "cured" by Plaintiff filing the exhibits with the Motion to Remand, filed four weeks after the thirty-day period for removal had expired. (ECF No. 21 at 11). In support of this contention, Defendants cite to a case from the Court of Appeals for Ninth Circuit, *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir. 1980). In *Fristoe*, the Ninth Circuit stated:

> The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional. Although the time limit is mandatory and

> a timely objection to a late petition will defeat removal, a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights. ... Because the district court would have had original jurisdiction here, and we find that [plaintiff] had waived the untimeliness of the removal petition by failing to object on these grounds until this appeal, his point is not well taken.

*Id.* at 1212-13. Unlike the plaintiff in *Fristoe*, Plaintiff in this case timely filed a motion to remand pursuant to 28 U.S.C. § 1447(c), raising the issue of Defendants' failure to file the exhibits to the Complaint.

Defendants cite a line of district court cases which hold that, "where appropriate, [a district] court has discretion to deny motions to remand that are based upon minor procedural defects which are not cured within the removal period." *Hood Custom Homes, LLC v. Illinois Nat'l Ins. Co.*, Civ. No. 08-1506, 2009 WL 1531784, at *6 (D. Or., May 26, 2009); *but see, e.g.*, *Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Sur. Co.*, Civ. No. 05-444, 2005 WL 1653629, at *4 (D. Or., July 6, 2005) ("I conclude that any defect in removal procedure must be cured within the 30-day removal period or it is fatal to the removal) (addressing a failure to file exhibits to the complaint with the notice of removal). The Court has located no Ninth Circuit authority indicating that district courts have discretion to overlook procedural defects in removal when the plaintiff has raised the defect in a timely motion to remand. To the contrary, in *Schmitt v. Insurance Co. of North America*, 845 F.2d 1546 (9th Cir. 1988), the Ninth Circuit held that, "once the district court determined that [defendant]'s petition for removal was untimely"–i.e., a procedural defect–"remand of the present case became *mandatory* under section 1447(c)." *Id.* at 1551 (emphasis added), *superseded by statute on other grounds*, 28 U.S.C. § 1447(c); *see also Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (holding the district court was required to grant motion to remand when there was a "procedurally defective" removal because all defendants did not timely join in the notice of removal: "The [removing] defendants plainly and simply failed to meet the removal requirements of 28 U.S.C. § 1446(a).").

Even if district courts in the Ninth Circuit were vested with discretion to overlook certain procedural defects, the Court would not exercise its discretion to overlook the defect in this case. A complaint, including attached exhibits, is the case-initiating document, and it

is one of the few documents that constitute "pleadings." *See* 28 U.S.C. § 1446(a); *see also* Fed. R. Civ. P. 3, 7(a), 10(c). The Motion to Remand is granted.

Under the circumstances of this case, including the fact that there is no indication that Defendants intentionally omitted the exhibits from the Notice of Removal, Plaintiff's request for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) is denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand Action to State Court is GRANTED. (ECF No. 15). Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED to San Diego Superior Court, where it was originally filed and assigned Case No. 37-2010-00052492-CU-IP-NC. Plaintiff's request for attorney's fees and costs is DENIED.

DATED: October 12, 2010

**WILLIAM Q. HAYES**
United States District Judge